**Su–Inn HO, Plaintiff–Appellant,**

v.

**Charles MILLER, Chairman of Board of Regents The University of Texas System; Robert E. Witt, President The University of Texas at Arlington; Philip Cohen, dean of the Graduate School The University of Texas at Arlington; Richard B. Timmons, Chairman of the Department of Chemistry Department Professor of the Chemistry Department The University of Texas at Arlington; Krishnan Rajeshwar, Professor of the Chemistry Department The University of Texas at Arlington; Reed J. Blau, Assistant Professor of the Chemistry Department The University of Texas at Arlington a resident of Cache County, Utah, Defendants–Appellees.**

No. 03–10605.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 2004.

Su–Inn Ho, pro se, Arlington, TX, for Plaintiff–Appellant.

Lydia Kimble–Wright, Office of the Attorney General for the State of Texas, Austin, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.[*]

Su–Inn Ho appeals the summary judgment in favor of the defendants on her civil rights action dismissing her civil rights and tort claims regarding her dismissal from the doctoral chemistry program at the University of Texas at Arlington and the misdeeds of the individual defendants during a prior state lawsuit challenging her failure to obtain her doctoral degree. To the extent that Ho is challenging the proceedings in the prior state court action, those claims are "inextricably intertwined" with the state court's judgment, and the district court lacked jurisdiction to consider the allegations under the *Rooker-Feldman*[**] doctrine. Ho's attempts to challenge the propriety of the ruling in her first civil action by the federal district court is also improper. To the extent that Ho is repeating her challenges to her dismissal from the university's doctoral program, her claims are barred by the doctrine of *res judicata.* See *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir.1983) (en banc). The judgment of the district court is therefore AFFIRMED.

the limited circumstances set forth in 5TH CIR R. 47.5.4.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).